

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 14, 1947

Hon. Jos. B. Dart          Opinion No. V-343
County Attorney
Kendall County            Re:  Is the sheriff, assessor and
Boerne, Texas                  collector to be considered as
                               one office in interpreting H. B.
                               501, Ch. 204, 50th Legislature.

Dear Sir:

We refer to your letter of July 24, 1947, in which you requested an opinion of this Department, and in which the questions, we believe, may be succinctly summarized as follows:

1. Does H. B. 501, Chapter 204, Acts of the 50th Legislature, R. S., 1947, apply to counties having a population of less than 10,000 inhabitants?

2. Are the offices of sheriff, assessor and collector of taxes to be considered one office in such counties?

3. Is the sheriff allowed his automobile expenses in such counties, when acting in the capacity of assessor and collector of taxes?

House Bill 501, supra, is as follows:

"Section 1. The County Commissioners Courts of this State are directed to supply and pay for transportation of sheriffs of their respective counties and their deputies to and from points within this State, under one of the four (4) following sections:

"(a) Such sheriffs and their deputies shall be furnished adequate motor transportation including all expense incidental to the upkeep and operation of such motor vehicles.

"(b) Motor vehicles shall be furnished to such sheriffs and their deputies who may furnish gas and oil, wash and grease, incidental to the operation of such vehicles; for which gas and oil, wash and grease, such sheriffs and deputies shall

be compensated at a rate not to exceed four cents
(4¢) per mile for each mile such vehicle is
operated in the performance of the duties of his
office.

"(c)  Alternatively such County Commissioners
Courts may allow sheriffs and their deputies in
their respective counties to use and operate cars
on official business which cars are personally
owned by them for which such officers shall be
paid not less than six cents (6¢) per mile nor
more than ten cents (10¢) per mile for each mile
traveled in the performance of official duties
of their office.

"(d)  All compensation paid under the pro-
visions of this Act shall be upon a sworn state-
ment of such sheriff.

"Sec. 2. The fact there is now no adequate
law providing transportation for sheriffs and
their deputies in the enforcement of the laws of
the State creates an emergency and a case of im-
perative public necessity that the Constitutional
Rule requiring bills to be read on three several
days in each House of the Legislature be suspend-
ed, and said Rule is hereby suspended, and that
this Act shall take effect and be in force from
and after its passage, and it is so enacted."

In view of the plain, clear, and unambiguous language
in said Act, it is our opinion that the same applies to all
counties of this State, including those having a population
of less than 10,000 inhabitants.

Section 16 of Article VIII of the Constitution is as
follows:

"The sheriff of each county in addition to
his other duties shall be the Assessor and Collec-
tor of Taxes therefor; but, in counties having
ten thousand (10,000) or more inhabitants, to be
determined by the last preceding census of the
United States, an Assessor and Collector of Taxes
shall be elected to hold office for two (2) years
and until his successors shall be elected and quali-
fied."

Article 7246, V.C.S., is as follows:

"In each county having less than ten thousand (10,000) inhabitants, the sheriff of such county shall be the Assessor and Collector of Taxes, and shall have and exercise all the rights, powers and privileges, be subject to all the requirements and restrictions, and perform all the duties imposed by law upon assessors and collectors; and he shall also give the same bonds required of an assessor and collector of taxes elected."

We quote from Texas Jurisprudence, Volume 34, page 447, as follows:

"In some instances a public officer, by virtue of the fact that he holds the office to which he was elected or appointed, or ex officio, is authorized and required to exercise the powers and perform the duties of another office. In such a case the Supreme Court has said that the powers and duties of the officer, simply as such, are just as distinct from his powers and duties when acting in his ex officio capacity as if they were exercised by two different persons.
. . . . ."

In view of the above, we believe that the offices of sheriff and assessor and collector of taxes in counties of less than 10,000 population are to be considered as one office. But in such counties the sheriff is acting in a dual capacity. For instance, this Department in Opinion No. 0-1051 held that where a sheriff collects taxes, he is not filling two offices, but the sheriff is simply performing duties that he is not required to perform in counties containing more than 10,000 population. The opinion further held that the sheriff who performed the duties of assessor and collector of taxes in counties having a population of less than 10,000 inhabitants was only entitled to draw the maximum fees allowed to the sheriff under the statutes.

In answering Question No. 3, "whether the sheriff in such counties is entitled to automobile expenses when acting in the capacity of assessor and collector of taxes", we must look to Article 7246 and H.B. 501. It is apparent from the language in Article 7246, that the sheriff in counties with a population of less than 10,000 inhabitants is to enjoy the rights and privileges and perform all the duties imposed upon assessors and collectors. We fail to find any provision where tax assessors and collectors are allowed automobile expenses while assessing taxes.

It is true that under H.B. 501, the sheriffs in such counties are allowed automobile expenses while in the performance of official duties.  It will be noted, however, in the emergency clause of said Act, that it is for the purposes of "providing transportation for sheriffs and their deputies in the enforcement of the laws of the State."   (Emphasis ours)

We believe from the language used that clearly the Legislative intent was that this provision apply only to the sheriff when enforcing the law as sheriff, and not when he was assessing taxes.

In view of the foregoing, you are respectfully advised that it is the opinion of this Department that the sheriff is not allowed his automobile expenses under the provisions of H. B. 501, supra, when acting in the capacity of assessor and collector of taxes.

## SUMMARY

1.  H. B. 501, Acts of the 50th Leg., R. S., 1947, which allows automobile expenses to sheriff in the performance of his official duties, applies to all counties, including those having a population of less than 10,000 inhabitants.

2.  In counties of less than 10,000 population, the positions of sheriff and assessor and collector of taxes are considered as one office. 34 Tex. Jur. 447.

3.  The sheriff is not allowed his automobile expenses in such counties when acting in the capacity of assessor and collector of taxes.  Art. 7246, V.C.S.; H. B. 501, supra.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Bruce Allen
Bruce Allen
Assistant

BA:djm:wc

APPROVED:
s/Fagan Dickson
FIRST ASSISTANT